IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Case No. 7:10-CV-00016-FL

| | |
|---|---|
| CHRISTINE J. TOLAND, Executrix of<br>The Estate of Michael W. Toland,<br><br>        Plaintiff,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY<br>OF AMERICA,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   ORDER AND INJUNCTION<br>)   IN INTERPLEADER<br>) |
| THE PRUDENTIAL INSURANCE COMPANY<br>OF AMERICA,<br><br>        Third-Party Plaintiff in Interpleader,<br><br>v.<br><br>CHRISTINE J. TOLAND, individually and as<br>Executrix of the Estate of Michael W. Toland,<br>and MARIA D. BACH f/k/a Maria D. Toland,<br><br>        Third-Party Defendants in Interpleader. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

THIS MATTER is before the Court upon motion of Defendant/Third-Party Plaintiff in Interpleader, The Prudential Insurance Company of America ("Prudential"), for entry of an Order and Injunction in Interpleader. In this action, Prudential seeks to discharge its acknowledged liability for the payment of certain life insurance proceeds on account of the death of Michael W. Toland, payable under a Group Life Insurance Policy provided by Prudential through the Office of Servicemembers' Group Life Insurance ("Prudential - OSGLI") pursuant to the Servicemembers' Group Life Insurance statute ("SGLI"), 38 U.S.C.§ 1965 et seq., to the

Department of Veterans Affairs of the United States under group policy number G-32000 (hereinafter the "Group Plan"), under the federal interpleader statute, 28 U.S.C. § 1335.

AND the Court, after an examination of Prudential's Counterclaim and Third-Party Claim in Interpleader and the applicable statutes, being of the opinion that the same is well founded and should be allowed, makes the following:

## FINDINGS OF FACT

1) Prudential is a corporation organized and existing under the laws of the State of New Jersey, with its principal office and place of business in Newark, New Jersey,

2) Plaintiff/Third-Party Defendant in Interpleader Christine J. Toland is the mother of Michael W. Toland, deceased, and the Executrix of the Estate of Michael W. Toland.

3) Third-Party Defendant in Interpleader Maria D. Bach is the former wife of Michael W. Toland, deceased.

4) Prudential holds certain life insurance proceeds in the amount of $400,000 ("the Death Benefit"), payable by reason of the death of the late Michael W. Toland under the Group Plan, and is confronted with adverse and conflicting claims thereto on behalf of Plaintiff and Third-Party Defendants herein, and is an impartial stakeholder claiming no interest therein in its own behalf.

5) Prudential is in no position to make a determination of entitlement to the Death Benefit without exposing itself to multiple liability, and is ready and willing to deposit the Death Benefit into the registry of this Court in full satisfaction and discharge of its obligations to the Plaintiff and Third-Party Defendants herein for the payment thereof.

6) Prudential is faced with the necessity for pursuit of interpleader through no fault of its own and as a result of pending issues and disputes between Plaintiff and Third-Party Defendants

in respect to which it is impartial and indifferent, and but for said issues and disputes, Prudential would not have had to pursue interpleader.

Upon the foregoing findings of fact, the Court makes the following:

## CONCLUSIONS OF LAW

1) This Court has jurisdiction over the parties and this cause.

2) This is a proper action in Interpleader, and Prudential is entitled to interplead the parties and deposit the Death Benefit payable under the Group Plan by reason of the death of Michael W. Toland into the registry of this Court in full satisfaction and discharge of its liability therefor.

3) Prudential, after its deposit of the Death Benefit into the registry of this Court, is entitled to an order discharging it from all further liability herein, and to an injunction enjoining and restraining Plaintiff and Third-Party Defendants from the institution or continuation of all claims against it arising hereunder in this or any other tribunal or forum.

NOW, THEREFORE, on the foregoing findings of fact and conclusions of law, IT IS ORDERED, ADJUDGED AND DECREED as follows:

1) This Court has jurisdiction over the parties and this cause;

2) This is a proper action in Interpleader;

3) Prudential is hereby authorized and directed to deposit into the registry of this Court the Death Benefit under the Group Plan arising upon the death of Michael W. Toland, together with accrued claim interest thereon, if any, in full satisfaction and discharge of its obligations therefor;

4) Upon deposit of the Death Benefit and interest into the registry of this Court, Prudential is hereby declared and determined to be discharged from any and all liability to Plaintiff and Third-Party Defendants relating to the Group Plan and/or the Death Benefit;

5) Upon deposit of the Death Benefit and interest into the registry of this Court, Plaintiff and Third-Party Defendants, and each of them are hereby permanently enjoined from making any further actual or implied claims, demands and causes of action, asserted or unasserted, liquidated or unliquidated in this or any other court or tribunal, arising out of or in connection with or relating to the Group Plan and/or the Death Benefit payable thereunder;

6) Upon deposit of the Death Benefit and interest into the registry of this Court, Prudential and its present and former parents, subsidiaries and affiliated corporations, predeceasors, successors and assigns and their respective officers, directors, agents, employees, representatives, attorneys, fiduciaries and administrators, are hereby released from all claims related to the Group Plan and the disbursement of the Death Benefit, and any accrued claim interest thereon;

7) Plaintiff and Third-Party Defendants are hereby ordered and directed to interplead in this cause and assert such claims to said Death Benefit as they shall have or forever be barred therefrom; and

8) This cause is retained for the purposes of determining the rights of Plaintiff and Third-Party Defendants in the money paid into Court by Prudential and for such other and further proceedings as shall be appropriate.

This 10th day of ~~August~~ September, 2010.

_____
UNITED STATES DISTRICT JUDGE

4

Case 7:10-cv-00016-FL   Document 26   Filed 09/13/10   Page 4 of 4